United States District Court
Southern District of Texas
**ENTERED**
October 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RUBEN DARIO SILVA GONZALEZ, § § Plaintiff, § VS. § § LEROY JOUETT § and § SWIFT TRANSPORTATION CO. OF § ARIZONA, LLC, § § Defendants. § | CIVIL ACTION NO. 4:20-CV-02907 |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court are the defendants', Leroy Jouett ("Jouett") and Swift Transportation Co. of Arizona, LLC ("Swift"), partial motions for partial summary judgment (Dkt. No.'s 21 and 22). The plaintiff, Ruben Dario Silva Gonzalez, has filed a combined response to the defendants' motions (Dkt. No. 25), and the defendants have filed a reply (Dkt. No. 27). After reviewing the parties' submissions, the record, and the applicable law, the Court determines that the defendants' motions should both be **GRANTED**.

**II.   FACTUAL BACKGROUND**

This matter arises out of a vehicle collision that occurred between the plaintiff and defendant Jouett, who was then a commercial driver employed by Swift. On July 18, 2019, the plaintiff was in his personal motor vehicle, exiting a gas station located off 15900 Northway Freeway Service Road in Harris County, Texas. Jouett was attempting to use the same exit in a Swift-owned commercial vehicle that consisted of a tractor and attached trailer.

At the time of the collision, Jouett was operating his vehicle in the service of Swift and in the course of his employment with Swift. Jouett, after checking his mirrors, began making a right

turn from a parking lot onto the service road. At that time, Jouett noticed a white truck coming down the off-ramp located on his left-hand side. As Jouett turned his vehicle to the right, his vehicle and the plaintiff's vehicle collided.

Jouett previously worked as a commercial driver for Swift until approximately 2006 or 2007. At that time, he left Swift and declared disability due to depression. In 2018, Swift rehired Jouett. Prior to his rehiring, Jouett obtained a commercial driver's license (CDL), completed Swift's driving academy and a defensive driving course, and was cleared by a medical examiner to drive for Swift. When the collision occurred, Jouett was taking two prescription medications, Meloxicam and Olanzapine.

On July 21, 2020, the plaintiff sued the defendants in state court asserting Texas law claims of negligence, gross negligence, and negligence per se against Jouett and, vicariously, Swift. The plaintiff also asserts claims of direct negligence—negligent hiring, supervision, and retention—against Swift. The defendants timely removed the case to this Court and now move for partial summary judgment on the gross negligence and direct negligence claims.

### III.   CONTENTIONS OF THE PARTIES

The defendants contend the plaintiff has failed to establish a genuine issue of material fact as to either element of his gross negligence claim and that the claim must be dismissed. Additionally, the defendants assert that, under Texas law, the lack of a viable gross negligence claim requires dismissal of the plaintiff's direct negligence claims against Swift. Alternatively, they argue that the direct negligence claims should be dismissed on the merits. The plaintiff responds that he has raised a fact issue as to both elements of gross negligence. He also contends that Swift's knowledge of Jouett's alleged "driving history, health conditions and past erratic behavior" create a fact issue as to the negligent hiring, supervision, and retention claims.

## IV.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id*. (internal citations omitted). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the

[nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, (1986)).

V.   ANALYSIS & DISCUSSION

    a.   The Plaintiff's Gross Negligence Claim

Gross negligence consists of an objective and a subjective element. *U-Haul Intern., Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). To prove gross negligence, a plaintiff must prove that: (1) when viewed objectively from the defendant's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. *Id.* (citing Tex. Civ. Prac. & Rem. Code § 41.001(11)). Under the objective element, an

"extreme risk" is "not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury." *Id.* The subjective element requires both that the defendant knew about the risk and that his acts and omissions demonstrated deliberate indifference to the consequences of his conduct. *Id.* The plaintiff must prove both elements by clear and convincing evidence, which means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 41.001(2)).

In their motion, the defendants assert that the plaintiff has no evidence to support either element of gross negligence. In response, the plaintiff does not address the elements separately but alleges various conduct by Jouett that he asserts was grossly negligent. First, he asserts, without citing evidence, that Jouett was using his cell phone at the time of the collision. Such a bare allegation does not satisfy the plaintiff's burden as to either prong. *Stults*, 76 F.3d at 656. Next, he points to Jouett's medical conditions—arthritis, depression, and bad cholesterol—and side effects[1] supposedly attributable to Jouett's prescription medications. The plaintiff concludes that Jouett's conditions and the supposed side effects objectively "create an extreme degree of risk to others if . . . experienced while operating a commercial vehicle." But without any record evidence that Jouett, in fact, experienced such side effects at the time of the collision, this allegation does not support the plaintiff's claim.

Citing Jouett's deposition testimony, the plaintiff also argues that when making the right turn onto the service road, Jouett "clearly did not have enough space between himself and the

---

[1] The plaintiff cites a government-issued publication which states that Olanzapine and Meloxicam "may cause" various side effects. U.S. NAT'L LIBRARY OF MEDICINE, *Olanzapine*, MedlinePlus (June 15, 2020), https://www.medlineplus.gov/druginfo/meds/a601213.html; U.S. NAT'L LIBRARY OF MEDICINE, *Meloxicam*, MedlinePlus (Mar. 15, 2021), https://www.medlineplus.gov/druginfo/meds/a601242.html. However, the plaintiff cites no evidence to support his assertion that Jouett experienced any side effects from his medications.

Plaintiff [sic] who was already established in the right side of the exit of the fueling station." This fact supposedly demonstrates Jouett's conscious disregard of an extreme degree of risk to the plaintiff. Crucially, however, Jouett testified that he repeatedly looked at his right-hand mirror before making the turn and did not see the plaintiff's car positioned to his right. In other words, Jouett did not have "actual, subjective awareness" that making the turn involved extreme risk. *Alvarez v. Fleming*, No. 2:13-CV-241, 2014 WL 12531114, at *2 (S.D. Tex. June 30, 2014). Jouett also testified that he was making the turn to avoid the white pickup truck descending the off-ramp to his left. These facts offer no support to either gross negligence element.

Finally, the plaintiff asserts that Jouett testified he was "going very fast" at the time the collision occurred. In context, Jouett's statement was: "[T]owards the end of my maneuver, I'm looking in the right-hand mirror to make sure I clear the curve okay, and at the same time I'm looking in the right-hand mirror. This is the same time that we collided and brought to immediate stop. *Well, I'm going very fast*." (emphasis added). Construing the statement's meaning favorably toward the plaintiff, this evidence does not create a fact issue as to either element of gross negligence. *Medina v. Zuniga*, 593 S.W.3d 238, 250 (Tex. 2019).

Because the plaintiff has not raised a fact issue as to either element of gross negligence, the Court must dismiss this claim.

      b.      The Plaintiff's Direct Negligence Claim against Swift

The defendants argue that the direct negligence claims against Swift should be dismissed, citing the "admission rule" related to Texas law on vicarious liability. Under Texas law, "negligent hiring and respondeat superior are mutually exclusive modes of recovery[.]" *Estate of Arrington v. Fields*, 578 S.W.2d 173, 178 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.). Accordingly, Texas courts "have refused to permit the plaintiff to proceed with [a negligent hiring theory] against the

owner where the derivative liability of the owner has already been established by an admission or stipulation of agency or course and scope of employment." *Id*. This bar applies where a plaintiff pleads ordinary negligence, rather than gross negligence, against an employer and employee. *Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009). However, numerous federal courts have held that a direct negligence claim should not proceed to a jury if "no viable gross negligence claims remain and the defendant employer does not dispute the applicability of vicarious liability." *Cristo v. C.R. England, Inc.*, No. 5:18-CV-1344–DAE, 2021 WL 801340, at *4 (W.D. Tex. Jan. 7, 2021); *Ochoa v. Mercer Transp. Co., Inc.*, No. 5:17-cv-1005-OLG, 2018 WL 7505640, at *3 (W.D. Tex. Dec. 10, 2018).

The plaintiff has not responded to this argument or offered contrary authority. Here, Swift has stipulated to its vicarious liability if the jury finds Jouett to be negligent. Additionally, no viable gross negligence claim remains in this case. Accordingly, the Court is of the opinion that the plaintiff's negligent hiring and related direct negligence claims should be dismissed.

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendants motions for partial summary judgment are **GRANTED**.

SIGNED on this 21st day of October, 2021.

Kenneth M. Hoyt
United States District Judge